ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

SEP 05 2018

at _2_ o'clock and _25_ min. _P_M.
SUE BEITIA, CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

Anthony Williams, on behalf of himself
and all inmates housed in FDC Honolulu,

         v.         Plaintiff,

Civil Action No.

**CV18 00336 DKW RLP**

COMPLAINT

Warden Kobayashi, Kyle Olsen,
Annelizabeth Carol, Jeffrey Dixon,
Federal Detention Center Honolulu, Federal
Bureau of Prisons,

         Defendants.

## I. JURISDICTION AND VENUE

1. This is a civil action authorized by 42 U.S.C. section 1983 to redress the deprivation, under color of law, of rights secured by the Constitution of the United States. The Court has jurisdiction under 28 USC § 1331 and 1343 (a)(3). Plaintiff Williams seeks declaratory relief pursuant to 28 USC § 2201 and 2202. Plaintiffs Williams' claims for injunctive relief are authorized by 28 U.S.C. § 2283 and 2284 and Rule 65 of the Federal Rules of Civil Procedure.

2. The District of Hawaii is an appropriate venue under 28 USC § 1391 (b)(2) because it is where the events giving rise to this claim occurred.

## II. PLAINTIFFS

3. Plaintiff Anthony Williams is and was at all times mentioned herein a prisoner of the Bureau of Prisons in the custody of the Federal Detention Center (FDC). He is currently confined in the FDC in Honolulu, Hawaii.

4. Plaintiffs all other similarly situated inmates is and was at all times mentioned herein a prisoner of the Bureau of Prisons in the custody of the FDC. They are currently confined in the FDC in Honolulu, Hawaii.

## III. DEFENDANTS

5. Defendant H. Kobayashi is the warden of FDC Honolulu. He is legally responsible for the operation of the FDC and for the welfare of all the inmates of the FDC.

6. Defendant Kyle Olsen is an Associate Warden of the FDC who at all times mentioned in this complaint was an overseer and supervisor over the welfare of all inmates of the FDC.

7. Defendant Annelizabeth Card is an Associate Warden of the FDC who at all times mentioned in this complaint was an overseer and supervisor over the welfare of all inmates of the FDC.

8. Defendant Jeffrey Dixon is a Captain of the FDC who at all times mention in this complaint was an overseer and supervisor over the welfare of all inmates of the FDC.

9. Each defendant is sued individually and in his and her official capacity. At all times mentioned in this complaint each defendant acted contrary to federal law and the U.S. Constitution.

## IV. FACTS OF THE CASE

10. On February 14, 2018 Plaintiff Anthony Williams was placed in the SHU for making a complaint through the email regarding his legal mail being opened outside of his presence and that whoever continued to do it could lose their job or face jail time for mail tampering.

11. As a result of sending the email Associate Warden (AW) Olsen wrote Plaintiff Williams a disciplinary stating he felt the Plaintiff made threats of bodily harm in said email

which was clearly not the case.

12. Plaintiff Williams was placed in solitary confinement for 58 days without having a DHO hearing which is suppose to take place within 5 days of the incident and no longer than two weeks from the incident.

13. Placement in the SHU deprived Plaintiff Williams of placing phone calls to his standby attorney, family and friends, and he was allowed only one phone call the whole time he was in the SHU.

14. Plaintiff Williams access to his discovery CD's was limited as a result of being placed in the SHU where he only had two to four hours a day access when previously he had access from 8 a.m. to 8:45 p.m.

15. Plaintiff Williams has been deprived of the ability to print out any legal research because the SHU does not have a printer hooked up to the computer and the print function is disabled.

16. On April 12, 2018 Plaintiff was taken to his DHO hearing and was found not guilty of threatening bodily harm and instead of being immediately released from the SHU, Plaintiff Williams was kept four more additional days and was released back into general population on April 16, 2018.

17. On May 7, 2018 at approximately 6:45 p.m. Plaintiff Williams was assaulted in the dayroom by inmate Joseph Gomes. Plaintiff Williams fought back to protect his life and prevent further harm. Officer Light sprayed Plaintiff twice with pepper spray and Plaintiff was handcuffed and taken to a shower to have the chemicals washed off of his face.

18. The injuries inflicted on inmate Gomes from Plaintiff Williams sent inmate Gomes to the emergency room to get medical treatment for the busted face and severe bruises he sustained as a result of assaulting Plaintiff Williams.

19. Upon the staff notifying Plaintiff Williams that he put inmate Gomes in the Hospital, Plaintiff Williams asked to be taken to the hospital in order to document his

injuries.

20. Plaintiff Williams was placed in the SHU after he returned from the hospital the same night and was held from May 7, 2018 to May 31, 2018 before having a DHO hearing.

21. At the DHO hearing Officer Ali stated that he was going to find Plaintiff Williams guilty of fighting and sanction eight (8) days in the SHU which were time served but Plaintiff Williams appealed the decision based on the fact that he was just defending himself and it shouldn't matter if he put the inmate in the hospital because he didn't instigate the fight. Officer Ali said that he would postpone his ruling until he reviewed the surveillance video footage of the fight and reschedule the hearing to commence on May 31, 2018.

22. There was no hearing on May 31, 2018 and Plaintiff has not been told why the hearing was not held.

23. Plaintiff continues to be punished without being found guilty of any violations.

24. The administration now has taken the email from the Plaintiff and all inmates in the SHU so that we cannot have any contact with our attorneys, families or friends.

25. Plaintiff and other inmates in the SHU are only allowed one phone every 30 days even though Administrative Detention is suppose to be non-punitive according to 28 CFR 541.22(a).

26. Plaintiff and other inmates in the SHU are denied visitation even though 28 CFR 541.31 subpart B(2)(K) states we will receive the same visiting privileges according to part 540, subpart D.

27. Plaintiff and other inmates in the SHU are not given the three (3) day, seven (7) day or thirty (30) day reviews regarding their SHU status that they are able to attend according to 28 CFR 541.26 (a)(b)(c).

28. Plaintiff and other inmates in the SHU are deprived legal books that they have for the reason that they are hard back but the

same books are allowed in the cell in general population.

29. The food that is served comes oftentimes rotten, spoiled or stale because it is prepared three (3) days prior, frozen, then warmed up and served three days later. When the trays are served the food is dried out and mostly inedible. Most of the fruits are rotten and cant be consumed.

30. The showers are bug infested and inmates are not given the proper supplies to rid the shower and cell of these bugs.

31. Inmates are not brought fresh water to drink and are forced to drink out of the sink attached to the toilet that has mildew and gang green on the spicket.

32. There is no television, no real recreation, nor a newspaper provided for inmates in the SHU.

33. Inmates in the SHU cant have certain Hygiene items, legal folders or food items that inmates are allowed to have but have been removed from the order sheet in the SHU as a form of punishment even though were in Administrative Detention which is suppose to be non-punitive. Inmates cant practice their religion also.

## V. EXHAUSTION OF LEGAL REMEDIES

34. Plaintiff Williams used the grievance procedure and administrative remedies at the FDC to try to have these problems solved or rectified.

35. Plaintiff Williams submitted numerous cop outs requesting that these issues be resolved administratively. Most of the cop outs were either ignored or were answered by AW Card stating that if Plaintiff didn't like the answer he could file an administrative remedy form.

36. Plaintiff filed ten (10) Administrative Remedy Forms and received a response that they would answer by June 4, 2018, which was dated May 18, 2018. (Exhibit A)

37. On June 4, 2018, Plaintiff received another response dated June 1, 2018 which stated additional time was needed to respond to the Administrative Remedy request and that the time now was extended to June 24, 2018 for them to respond. (Exhibit B)

38. The administration continues to stall, delay or ignore the grievances to frustrate inmates from utilizing the Admin remedy because nothing is never done to correct the issues that are grieved.

39. Plaintiff Williams has sent requests to the warden by email and cop out and has never recieved an answer directly from the warden.

40. Plaintiff Williams has even written letters to the judge in his case notifying him of the situation he and other inmates continue to be subjected to at the FDC Honolulu.

## VI. LEGAL CLAIMS

41. Plaintiffs reallege and incorporate by reference paragraphs 1-40.

42. Defendant's actions of holding Plaintiff and other inmates in solitary confinement over 30 days without violating an institutional policy is cruel and unusual punishment and violates Plaintiff's Eighth Amendment rights. Hutto v. Finney,

43. Defendant's actions of depriving inmates of the practice of their religion is a violation of the inmates First Amendment rights.

44. Defendants constant placement of Plaintiff Williams in the SHU when he has not done anything to warrant such extreme punishment has caused severe mental anguish, emotional distress, depression and feelings of hopelessness.

45. Defendants excessive punishment of Plaintiff Williams when he has not violated the law, prison rule or acted disruptively in any manner, violates Plaintiffs due process rights pursuant to the Fifth and Fourteenth Amendments and is cruel and

unusual in violation of the Eighth Amendment.

46. Plaintiff's have no plain, adequate or complete remedy at law to redress the wrongs described herein. Plaintiff's have been and will continue to be irreparably injured by the conduct of the defendants unless this Court grants the declaratory and injunctive relief which Plaintiffs seekss.

## VII. PRAYER FOR RELIEF

WHEREFORE, plaintiffs respectfully pray this court enter judgment:

47. Granting Plaintiff's a declaration that the acts and omissions described herein violates their rights under the Constitution and laws of the United States, and

48. A preliminary and permanent injunction ordering defendants to cease their retaliatory practices and punishment of Plaintiff Williams for no justifiable reasons; and

49. Granting Plaintiff Williams compensatory damages in the amount of $93,000 ($1,000 for each day of solitary confinement as of June 5, 2018) against each defendant jointly and severally.

50. Plaintiffs seek punitive damages in the amount of $50,000 against each defendant, jointly and severally.

51. Plaintiffs also seek a trial by jury on all issues triable by jury.

52. Plaintiffs also seek recovery of their costs in this suit; and

53. Any additional relief this court deems just, proper and equitable.
Dated June 6, 2018

Respectfully and Righteously submitted,

Anthony Williams
Anthony Williams

VERIFICATION

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and, as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Executed June 6, 2018 at Honolulu, Hawaii.

Anthony Williams
Anthony Williams
P.O. Box 30080
Honolulu, Hawaii 96820