IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANTHONY TROY WILLIAMS, FED. #05963-122, | CIV. NO. 1:18-cv-00336 DKW-RLP |
| Plaintiff, | DISMISSAL ORDER |
| vs. | |
| HIROMICHI KOBAYASHI, *et al.*, | |
| Defendants. | |

On January 3, 2019, the Court directed Plaintiff to amend his pleadings to cure the noted deficiencies in his claims on or before February 5, 2019. Order Dismissing First Am. Compl., ECF 7. More than a month has passed since that deadline expired, and Plaintiff has neither filed an amended pleading or otherwise responded. Plaintiff has had two opportunities to state a colorable claim for relief and has been unable to do so. *See* ECF 1 (Compl.); ECF 6 (Am. Compl.). It is clear that Plaintiff is unable to amend his pleadings to state a plausible claim for relief or has opted to abandon this case.

Where "resources continue to be consumed by a case sitting idly on the court's docket . . . [t]he failure of the plaintiff eventually to respond to the court's

ultimatum – either by amending the complaint or by indicating to the court that it will not do so – is properly met with the sanction of a Rule 41(b) dismissal." *Edwards v. Marin Park, Inc.*, 356 F.3d 1058 (9th Cir. 2004) (citation omitted). Having warned Plaintiff that his failure to timely and adequately amend his claims could result in dismissal of this action,[1] and having considered the five factors set forth in *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992),[2] judgment is hereby entered in favor of defendants and against Plaintiff, and the Complaint and this action are DISMISSED with prejudice. *See also In re Phenylpropanolamine (PPA) Cases*, 460 F.3d 1217, 1226 (9th Cir. 2006); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 132-33 (9th Cir. 1987).

//

//

---

[1] *See* Order Dismissing First Amended Complaint With Leave to Amend, ECF No. 7, PageID #105 ("If Williams fails to timely amend his pleadings and cure its deficiencies, this action may be AUTOMATICALLY DISMISSED.").

[2] "In determining whether to dismiss a case for failure to comply with a court order, the district court must weigh five factors including: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.' . . . [A] district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement." *Ferdik*, 963 F.2d at 1260-62 (citations omitted). The Court finds that the policy favoring the meritorious disposition of cases has little traction coming from a Plaintiff who chooses to ignore this Court's orders and opts not to diligently prosecute his own claims. All of the other *Ferdik* factors also clearly favor dismissal under the circumstances presented here.

Plaintiff is notified that this dismissal may later count as a strike under 28 U.S.C. §1915(g).

IT IS SO ORDERED.

DATED: March 6, 2019 at Honolulu, Hawaii.



/s/ Derrick K. Watson
Derrick K. Watson
United States District Judge

---

*Anthony Troy Williams v. Hiromichi Kobayashi, et al.;* Civil No. 18-00336 DKW-RLP; **DISMISSAL ORDER**

*Williams v. Kobayashi.,* 1:18-cv-00336 DKW-RLP; PSA def dsm ords '19 Williams 18-336 dkw (dsm fail amd)